119 F.3d 789
 53 Soc.Sec.Rep.Ser. 802, Unempl.Ins.Rep. (CCH) P 15798B,
97 Cal. Daily Op. Serv. 5696,
97 Daily Journal D.A.R. 9191
Michael LIGHT, Sr., Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Commissioner, Defendant-Appellee.
 No. 95-36149.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 7, 1997*.
Decided July 17, 1997.
As Amended on Grant of Rehearing Sept. 17, 1997.
 
 1
 David B. Lowry, Portland, OR, for Plaintiff-Appellant.
 
 
 2
 Kathryn A. Warma, Assistant Regional Counsel, Social Security Administration, Seattle, WA, for defendant-appellee.
 
 
 3
 Appeal from the United States District Court for the District of Oregon. Michael R. Hogan, District Judge, Presiding. D.C. No. CV-94-01572-MRH.
 
 
 4
 Before FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 5
 SCHWARZER, Senior District Judge.
 
 
 6
 Michael Light, Sr., first applied for disability insurance and supplemental security income ("SSI") benefits in December 1989, and an administrative law judge ("ALJ") denied his claim in January 1992. Light did not challenge that decision but instead filed a new application, which is at issue in this appeal, on February 8, 1993. In his 1993 application, Light claimed that he suffered from a combination of disabling mental and physical handicaps, including pain in his shoulders, arms, wrists, back, and knees, as well as attention deficit hyperactivity disorder ("ADHD") and borderline mental retardation (his IQ is 72). According to Light, these maladies, which he contends have grown more severe since January 1992, render him disabled and unable to work. The ALJ who heard his 1993 claim concluded that Light suffers from severe physical impairments rendering him unable to resume any of his previous jobs, but that the Commissioner satisfied her burden of proving that Light's residual functional capacity is sufficient to permit other, less strenuous work.
 
 
 7
 The ALJ denied Light's application for benefits. The Appeals Council denied Light's request for review. Light then appealed to the district court, which affirmed the ALJ's decision. Light timely appealed the district court's judgment; we have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 DISCUSSION
 Standard of Review
 
 8
 We review the district court's summary judgment order de novo. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 953, 136 L.Ed.2d 840 (1997). The Commissioner's decision must be affirmed if free of legal error and supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).
 
 
 9
 Scope of Review and Claimant's Burden of Proof
 
 
 10
 Where, as here, the Commissioner denied an earlier application by the claimant on the basis that he was "not disabled," and the denial has become final, her conclusions create a presumption that the claimant remains capable of "substantial gainful activity." Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989). The claimant may overcome the presumption by proving the existence of " 'changed circumstances' that would establish disability." Id.
 
 
 11
 Light's condition changed in two material respects between the initial denial in 1992 and the hearing on his 1993 claim: his carpal tunnel syndrome increased in severity (in 1993 he was unable to form a fist or to oppose his thumb, while in 1992 he had full range of motion in his wrist and fingers and four-fifths grip strength), and he was diagnosed with ADHD. Because either of these conditions could be a basis for finding disability, either independently or when aggregated with all of Light's preexisting infirmities, he satisfied his burden of overcoming the presumption that he is capable of work.
 
 
 12
 Existence of Disability and Residual Functional Capacity
 
 
 13
 Light contests the ALJ's finding that he does not suffer from a disability analogous to those listed in the Appendix to the relevant regulations. See 20 C.F.R. § 404, Subpt. P, App. 1 (Listing of Impairments). He contends that either the severity of his pain alone or his aggregate disfunction (i.e., his pain, his mental impairments, and his physical infirmities considered together) disables him for purposes of the regulations. See 20 C.F.R. § 404.1526. In the alternative, Light claims that the ALJ erred when he concluded that Light's residual functional capacity is sufficient to permit him to undertake work of "limited medium exertion [e.g., assembler, packager, canner]."
 
 
 14
 A. Evidence of Potentially Disabling Ailments
 
 
 15
 Pain of sufficient severity caused by a medically diagnosed "anatomical, physiological, or psychological abnormalit[y]" may provide the basis for determining that a claimant is disabled. 42 U.S.C. § 423(d)(5)(A); see Bunnell v. Sullivan, 947 F.2d 341, 344-45 (9th Cir.1991) (en banc). If a claimant produces evidence that he suffers from an ailment that could cause pain, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996). Because the government concedes that Light suffers from infirmities that could cause pain, he "need not present medical evidence to support the severity of the pain." Chavez v. Department of Health and Human Serv., 103 F.3d 849, 853 (9th Cir.1996).
 
 
 16
 The ALJ rejected Light's pain testimony because he "found [Light's] testimony not credible." In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. Smolen, 80 F.3d at 1284; Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995) (quoting Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir.1995)); 20 C.F.R. § 404.1529(c). An ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony. But, because a claimant need not present clinical or diagnostic evidence to support the severity of his pain, Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir.1990) (stating that "it is the very nature of excess pain to be out of proportion to the medical evidence"), a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain. Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986) (" 'Excess pain' is, by definition, pain that is unsupported by objective medical findings.").
 
 
 17
 In this case, the ALJ disbelieved Light because no objective medical evidence supported Light's testimony regarding the severity of subjective symptoms from which he suffers, particularly pain. An ALJ may not discredit a claimant's subjective testimony on that basis. To find the claimant not credible the ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), on conflicts between his testimony and his own conduct, or on internal contradictions in that testimony. Because the ALJ failed to articulate an acceptable reason either for disbelieving Light's testimony in general or for discrediting his pain testimony specifically, this case must be remanded to the ALJ to make adequate findings.[1] See Cotton, 799 F.2d at 1407-08.
 
 
 18
 B. ALJ's Conclusion Regarding Light's Residual Functional Capacity
 
 
 19
 The ALJ also erred in evaluating Light's residual functional capacity.
 
 
 20
 1. Consideration of aggregate impairments in determining residual functionality.
 
 
 21
 In determining Light's residual functional capacity, the ALJ must consider whether the aggregate of Light's mental and physical impairments may so incapacitate him that he is unable to perform available work. 20 C.F.R. § 404.1523; Macri v. Chater, 93 F.3d 540, 545 (9th Cir.1996). To make that determination the ALJ may elicit testimony from a vocational expert, but "the hypothetical [posed to the vocational expert] must consider all of the claimant's limitations." Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir.1995).
 
 
 22
 The vocational expert's testimony, upon which the ALJ relied in his opinion, responded to a hypothetical posed by the ALJ that did not include Light's documented illiteracy and evidence of his severe concentration problems,[2] low IQ, and chronic pain, nor did it include various impairments discussed in Light's and his wife's testimony (e.g., pain in right wrist, painful knees, inability to remember simple instructions and location of household items, poor sleep, inability to understand conversation, etc.). While the ALJ need not include all claimed impairments in his hypotheticals, he must make specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988). The hypothetical was inadequate because the ALJ failed to make "specific findings justifying" his decision to discredit Light's subjective complaints. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988).
 
 
 23
 2. Discrepancies between findings on residual functional capacity and Dictionary of Occupational Titles.
 
 
 24
 In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer to the Dictionary of Occupational Titles ("DOT"), see Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir.1990); the ALJ, however, "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, id. at 1435 n. 7, 1435-36, or inferences drawn from the context of the expert's testimony. Terry, 903 F.2d at 1279. In this case, the job categories that the ALJ found suitable for Light (i.e., cannery worker, production packaging worker, and assembler) were all inconsistent with Light's documented impairments, such as his illiteracy, his poor reasoning and math skills, and his being limited to light-medium exertion. Neither the ALJ nor the vocational expert explained the reason for departing from the DOT.
 
 CONCLUSION
 
 25
 The judgment is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Because we remand for the ALJ to reconsider the effect of Light's excess pain testimony, we do not decide whether the severity of Light's pain symptoms or the combination of those symptoms with his other impairments renders Light disabled. Nor do we address either whether Light's wife's testimony should have been considered by the ALJ or whether the ALJ properly could rely on a treating physician's mental capacity evaluation that contradicted the claimant's family's testimony
 
 
 [2]
 The ALJ erred when he concluded that Light's psychological health now that he receives treatment for ADHD must be better than that described in the 1992 decision. In 1992, Light's ADHD had not been diagnosed; the 1992 opinion therefore does not consider any psychological complaints associated with ADHD. The 1993 decision should have discussed the extent to which Light continues to suffer from ADHD-related symptoms even while medicated