Patrick MOSES, Plaintiff—Appellant,

v.

Jo Anne BARNHART,* Commissioner of Social Security, Defendant—Appellee.

No. 00–16108.

D.C. No. CV–99–00893–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2002.

Decided April 22, 2002.

---

* Jo Anne Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Social Security claimant Patrick Moses appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration in his action seeking disability insurance benefits. The Administrative Law Judge (ALJ) determined that Moses was disabled during the period from July 3, 1994 to April 16, 1996, and was therefore entitled only to a closed period of disability and benefits. Moses alleges that the ALJ erred in finding that there was substantial evidence of medical improvement related to his ability to work as of April 16, 1996. The parties' arguments on appeal center on the ALJ's analysis of Moses' pain testimony.

Acknowledging that pain is subjective and not susceptible to measurement by reliable techniques, we have long held that "[o]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.1991) (en banc)) (second alteration in original); *see also* Social Security Regulation 96–7p, 1996 WL 374186 (July 2, 1996). "If the ALJ finds the claimant's pain testimony not to be credible, the ALJ 'must specifi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cally make findings that support this conclusion,' and the findings 'must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony.' " *Id.* at 856–57 (alterations in original) (quoting *Bunnell,* 947 F.2d at 345). Where, as here, there is "no affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms." *Id.* at 857. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints," providing "specific, cogent reasons for the disbelief." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (internal quotation marks omitted); *see also Bunnell,* 947 F.2d at 346 ("[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain.").

The Commissioner argues that, by indicating that Moses' pain statements were credible "only to the extent consistent with this decision," and then finding that Moses was not disabled after April 16, 1996, the ALJ signaled that he disbelieved Moses' claims that his neck, back and shoulder pain are so great as to preclude even light work. As the district court discussed, the ALJ hinted as to possible reasons for rejection of Moses' testimony when he noted that it might be "difficult for [Moses] to see his potential for lighter work activity" and when he emphasized that the objective physician's evaluations suggested light work was possible. However, a claimant's statement about the intensity or debilitating effects of his pain may not be disregarded merely because it is not confirmed by objective medical evidence; indeed, if the adjudicator were free to disbelieve pain testimony solely on these grounds, then the Commissioner would be free to reject all excess-pain testimony. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir.1997); *Byrnes v. Shalala,* 60 F.3d 639, 642 (9th Cir.1995); *Bunnell,* 947 F.2d at 346–47. Likewise, if a generalized finding that a claimant was credible except to the extent inconsistent with the ALJ's ultimate legal conclusions were sufficient to support the rejection of pain testimony, an ALJ could make such a general finding in every case and avoid the careful analysis that our precedent and Social Security regulations demand. *Stewart v. Sullivan,* 881 F.2d 740, 743 (9th Cir.1989); *see also Lester,* 81 F.3d at 834; *Smolen v. Chater,* 80 F.3d 1273, 1285 (9th Cir.1996); *Gonzalez v. Sullivan,* 914 F.2d 1197, 1201 (9th Cir.1990).

The ALJ made one very specific finding that Moses lacked credibility as to his allegations of disability arising from his "left hand difficulties"–a finding Moses does not challenge on appeal. The ALJ deemed this allegation incredible because the ALJ believed Moses' history of hard labor rendered him unable to perceive that he could still perform jobs requiring less strenuous work. It is possible, as the district court suggests, that this rationale was also a basis for the ALJ's rejection of Moses' other subjective claims (that he was in too much pain to work even after the April 16, 1996 examination that declared his back problems remedied). However, we cannot tell whether this is the case because the ALJ did not delineate his rationale. It is inappropriate for the district court or this Court to do so for him. Therefore, the district court erred in finding that the ALJ's decision with respect to Moses' pain was supported by substantial evidence.

"[W]here the ALJ improperly rejects the claimant's testimony regarding

his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that testimony.'" *Lester*, 81 F.3d at 834 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988)). Instead, that testimony is "credited as a matter of law." *Id.* When Moses' testimony that he experiences persistent and debilitating pain during nearly every hour of the day is credited, the evidence compels a finding that he retained no residual functional capacity to work, even after April 16, 1996. The ALJ confirmed as much in his questioning of the Vocational Expert, who noted that an individual in too much pain to be able to maintain pace and endurance without greater absenteeism than is allowed in the typical job would be unable to perform any of the identified jobs. Accordingly, we

REVERSE and REMAND for payment of benefits.