**Leslie E. RITCHOTTE, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.**

No. 06–16503.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed June 9, 2008.

Manuel D. Serpa, Esq., Binder and Binder, PC, Santa Ana, CA, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., Sharon M. Fugett Sands, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

## MEMORANDUM **

Leslie Ritchotte appeals the denial of his application for disability benefits under the Social Security Act. Neither Ritchotte nor the government challenges the Administrative Law Judge's ("ALJ") findings with respect to the first four parts of the 20 C.F.R. § 404 inquiry. It is clear from a review of the record as a whole that all of the doctors who examined Ritchotte concur that the problems with his back are a source of constant pain for him. The dispute in this case centers on the ALJ's residual functional capacity ("RFC") determination that Ritchotte could perform gainful and substantial work within the economy and, thus, that he was not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

■ We conclude that the ALJ's rejection of Ritchotte's subjective complaints of severe disabling back pain is unsupported by substantial evidence. *Bunnell v. Sulli-*

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*van*, 947 F.2d 341, 345–46 (9th Cir.1991) (en banc) (findings must be supported by substantial evidence in the record and "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . .") (quotation and citation omitted). The magistrate judge earlier rejected the ALJ's finding that Ritchotte had failed to demonstrate a consistent course of treatment for his back. We conclude that the record also contradicts the ALJ's finding that Ritchotte's treatment was too conservative. He had previously had surgery. The prognosis for further surgery was guarded. Further, the ALJ may not reject Ritchotte's subjective complaints of pain solely due to lack of supporting objective medical evidence. *Light v. Soc. Sec. Adm'r*, 119 F.3d 789, 792 (9th Cir.1997). Though Ritchotte's description of symptoms suggests that he was inaccurate in how he labeled them, it is reasonable to conclude that Ritchotte simply misunderstood the term "paralysis."

We further hold that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for declining to give controlling weight to the treating physician's assessment. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing.") (quotation and citation omitted). Dr. Wenstrup, Ritchotte's treating physician, assessed greater work limitations for Ritchotte than did the examining physician Dr. Madireddi. The ALJ's stated reason for declining to give controlling weight to Dr. Wenstrup's assessment, that it factored into the assessment too heavily Ritchotte's subjective complaints of pain, is not legitimate on the facts of this case.

Because the ALJ erroneously declined to give controlling weight to the treating physician's assessment, he instead based his RFC determination upon the reports of non-examining state agency physicians. We find no independent evidence in the record to support crediting these opinions over the opinion of Ritchotte's treating physician for purposes of making an RFC determination. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002). As a result, we reverse and remand with instructions to credit the treating physician's assessment of Ritchotte's capacities and to develop the record with respect to jobs in the community available to Ritchotte based upon those limitations.

**REVERSED AND REMANDED.**