**Eliseo MARTINEZ, Jr.,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

No. 83–1843
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 1984.

Vernon Lewis, West Tex. Legal Services, San Angelo, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Paulina M. Jacobo, Asst. U.S. Atty., Lubbock, Tex.,

Thomas Stanton, Dallas, Tex., for defendant-appellee.

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Eliseo Martinez, Jr., appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of appellant's claim for a continuing period of social security benefits.

Martinez is a forty-year old man who was thirty-seven years old on the date his disability was determined to have ceased, February 20, 1981. He has a seventh-grade education with no vocational training and can speak English "a little bit". (Tr. 28, 214, 249) Martinez' work experience was primarily as a backhoe operator and construction laborer. (Tr. 218, 250) His last job was as a laborer at a concrete company from September 1979 through November 1979. (Tr. 250)

The medical evidence of record shows that appellant received injuries in an automobile accident in December 1973, consisting of fractures of both tibias and fibulas, and a fracture of his right humerus. (Tr. 309) Residuals of these injuries, together with osteomyelitis of the left tibia formed the basis of the June 27, 1980 administrative decision that appellant had been disabled since October 1, 1979. (Tr. 257–261) In determining that appellant's disability had ceased on February 20, 1981, the Administrative Law Judge relied primarily on the report of Dr. Vernon Ryan, an orthopedic surgeon. Dr. Ryan indicated that the claimant could stand and walk for two to four hours in a normal work day, sit at work for eight hours, and could lift and carry up to ten pounds frequently and twenty pounds occasionally. Dr. Ryan also felt that claimant could raise his hands, arms and feet with no restrictions. Based on this report, the ALJ concluded that Martinez had regained the residual functional capacity to perform a full range of sedentary work. The district court affirmed the ALJ's decision.

Martinez contends on appeal that the ALJ, by applying the vocational rules of Appendix 2, used an improper legal standard because appellant's abilities do not coincide with the criteria of the rules. We agree and reverse the district court.

Judicial review of the Secretary's decision is limited to whether substantial evidence exists to support the determination that the claimant is not disabled under the Social Security Act, *Dorsey v. Heckler*, 702 F.2d 597, 602 (5th Cir.1983); *DeMandre v. Califano*, 591 F.2d 1088, 1091 (5th Cir.1979), and whether errors of law occurred, *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir.1983).

Martinez argues the ALJ misapplied Rules 201.23, 201.24 and 201.25 of Appendix 2. We conclude that of the rules considered by the ALJ, the only one which can potentially apply to claimant is 201.23. Rule 201.23 provides that an individual with Martinez' physical handicaps who is illiterate *or* unable to communicate in English, is 18 to 44 years old and has an unskilled work history or no work history can perform sedentary work. Rule 201.24 cannot apply because of the literacy requirement. Rule 201.25 cannot apply because claimant has no skilled or semiskilled work history with transferable skills.

Martinez argues that because he is both illiterate *and* unable to communicate in English, Rule 201.23 does not apply. We agree.

The record indicates that Martinez is both illiterate and unable to speak English well. It contains no finding concerning whether or not he has sufficient ability to speak English to be able to communicate in that language within the meaning of the Act, 404.1564(b)(1), (5). (See Tr. 324, Exh. C–20; Tr. 26, hearing) Therefore, we conclude there is no substantial evidence in the record to support the category in which the ALJ placed him. The lowest category Rule

201.23 requires that the claimant be illiterate *or* unable to communicate in English. If the claimant is both illiterate and unable to communicate in English, he does not fall within the criteria set out in Rule 201.23.

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED to the Secretary for a further hearing to determine whether or not Martinez is unable to communicate in English. Because of the time that has elapsed since the claim hearing, such hearing shall take place as soon as practicable.