**Silvestre CHAVEZ, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 95–15855.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1996.*

Decided Dec. 24, 1996.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Lawrence D. Rohlfing, Santa Fe Springs, CA, for plaintiff-appellant.

Michael R. Power, Assistant Regional Counsel, Social Security Administration, San Francisco, CA, for defendant-appellee.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

GOODWIN, Circuit Judge:

Silvestre Chavez appeals the judgment affirming the final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–422 and 42 U.S.C. §§ 1381–1383d. The district court had subject matter jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the first time in this Circuit we are called upon to address the interpretation of the word "or" in Rule 201.23 of the Social Security Regulations.[1] 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.23. Rule 201.23 applies, *inter alia*, to those disability claimants with an educational level described as "illiterate or unable to communicate in English." Chavez has back pain that he says keeps him from performing heavy manual labor, and his educational deficits bar him from most desk jobs.

In Social Security Acquiescence Ruling 86–3(5) ("AR 86–3(5)") to *Martinez v. Heckler*, 735 F.2d 795 (5th Cir.1984), the Secretary interpreted the usually disjunctive "or" in this regulation to be conjunctive, applying the rule to a claimant, who, like Chavez, could no longer perform heavy physical work and was both illiterate and unable to communicate in English. The Fifth Circuit, apparently relying on the plain meaning of the word "or", reversed the Secretary. The Secretary has "acquiesced" for that circuit. The only other case on point, *Flecha v. Shalala*, 872 F.Supp. 1312, 1316–17 (D.N.J.1994), refused to follow the Fifth Circuit and accepted the Secretary's view.

---

1. Black's Law Dictionary notes that the word "or" is "[a] 'disjunctive' particle used to express an alternative or to give a choice of one among two or more things." Black's Law Dictionary 1990 (6th ed.1990). The entry goes on to add, however, that "[i]n some usages, the word 'or' creates a multiple rather than an alternative obligation and that it can also be construed as 'and.'" *Id.* (citing *Atchison v. City of Englewood*, 193 Colo. 367, 568 P.2d 13, 18 (1977)). We will use "disjunctive" to mean one alternative or the other, but not both. We will use "conjunctive" to mean one alternative or the other, or both.

Chavez argues that the "or" is disjunctive, and that we should follow the Fifth Circuit. Because the cited case gives no reasons other than the "English 101" usage of "or", and because we are at a loss to find much meaning in the regulation if "or" is to be treated as rigidly disjunctive, we have examined the matter a bit further.

We begin by inquiring whether substantial evidence exists to support the determination that the claimant is not disabled within the meaning of the Social Security Act. But for his educational deficits, Chavez is presumably able to perform many sedentary jobs. If Rule 201.23 was correctly applied, then the Secretary can, without more, find such a claimant not disabled. If Rule 201.23 cannot be so applied, then the Social Security Administration can only refer to the rule as a guideline. 20 C.F.R. § 404.1569; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d)(2).

## BACKGROUND

At the age of 33, Chavez injured his back and could no longer work as a laborer. Chavez received medical care, but he still suffered loss of movement and pain. He applied for disability insurance benefits and SSI benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–422 and 42 U.S.C. §§ 1381–1383d, respectively. At Chavez's hearing, the Administrative Law Judge made factual findings with respect to Chavez's vocational status. The ALJ then found that Chavez was covered by Rule 201.23, held him not disabled, and denied benefits. These findings were adopted by the district court.

## APPLICATION OF RULE 201.23

■ Social Security rulings constitute the Social Security Administration's interpretations of the statute it administers and of its own regulations. *Paulson v. Bowen,* 836 F.2d 1249, 1252 n. 2 (9th Cir.1988). These rulings are interpretative rulings and do not have the force of law. *Paxton v. Secretary of Health and Human Servs.,* 856 F.2d 1352, 1356 (9th Cir.1988). We defer to Social Security Rulings, however, unless they are plainly erroneous or inconsistent with the Act or regulations. *Quang Van Han v. Bowen,*

882 F.2d 1453, 1457 (9th Cir.1989). We conclude that the Commissioner's interpretation was not erroneous.

In interpreting Rule 201.23, we consider its role in the determination of a claimant's disability under the Social Security Act. The Act sets out two requirements for disability. A claimant must (1) be "unable to do his previous work," and (2) be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

■ If a claimant is unable to perform his past work, the Commissioner considers the claimant's residual functional capability as well as his age, education, and past work experience to determine if he can perform other work in the national economy. 20 C.F.R. § 404.1520(f). The Secretary has the burden of establishing that the claimant is able to perform other work in the national economy. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1202 (9th Cir.1990); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00.

To standardize and facilitate carrying this burden, the Secretary promulgated medical-vocational guidelines as part of his 1978 regulations. *Heckler v. Campbell,* 461 U.S. 458, 460–61, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1983). These guidelines established by rulemaking the types and numbers of jobs that exist in the national economy for different kinds of claimants. *Id.* Each rule defines a vocational profile and determines whether sufficient work exists in the national economy. These rules represent the Secretary's determination, arrived at by taking administrative notice of relevant information, that a given number of unskilled jobs exist in the national economy that can be performed by persons with each level of residual functional capacity. *See Santise v. Schweiker,* 676 F.2d 925, 927–28 (3d Cir.1982), *cert. dismissed,* 461 U.S. 911, 103 S.Ct. 1889, 77 L.Ed.2d 280 (1983).

Each rule is expressed by four terse entries on a "Medical–Vocational grid." Rule 201.23 is found on Table 1, "Residual Functional Capacity: Maximum Sustained Work Capability Limited to Sedentary Work as a Result of Severe Medically Determinable

Impairment(s)." Its four entries are: "[a]ge"—"[y]ounger individual age 18–44;" "[e]ducation"—"[i]lliterate or unable to communicate in English;" "[p]revious work experience"—"[u]nskilled or none;" and "[d]ecision"—"[n]ot disabled."

■ At issue in this case is the meaning of the "or" in Rule 201.23's description of "education." In AR 86–3(5) the Secretary argued that the "or" in Rule 201.23 is conjunctive and applies to claimants who are both unable to communicate in English and are illiterate.

> In formulating the grid rules, it was assumed that a person who is unable to communicate in English would naturally be illiterate in English. Illiteracy is subsumed under inability to communicate in English. It has thus been longstanding SSA policy that the rules applying to individuals who are illiterate or unable to communicate in English also apply to those who are illiterate *and* unable to communicate in English.

AR 86–3(5) at 2.

In *Heckler*, 461 U.S. at 467–68, 103 S.Ct. at 1957–58, the Supreme Court determined that use of the Medical–Vocational grids was consistent with the Social Security Act and a valid exercise of the Social Security Administration's rulemaking powers. The Commissioner's interpretation of the "or" in Rule 201.23 as conjunctive is within this exercise of rulemaking powers and is therefore consistent with the Act.

We hold that the Commissioner's interpretation of the "or" in Rule 201.23 is not inconsistent with the regulation it interprets. We note first that the plain meaning of the "or" in Rule 201.23 as read in the Medical–Vocational grid alone is unclear. Rule 201.23 joins two descriptions of educational status with an "or." These two descriptions are set out in a bare table, without any immediately supporting text. From this text alone, the "or" could be disjunctive or conjunctive. *See Martinez*, 735 F.2d at 796 (holding that the "or" is disjunctive).

Because the text can support two meanings, we could accept the Commissioner's choice merely as a choice between two reasonable interpretations of Rule 201.23, neither of which would be inconsistent with the Act or the Regulation. *See Quang Van Han*, 882 F.2d at 1457. There is further support for the Commissioner's choice, however, in reading Rule 201.23 in the context of other social security rules. The "ability to communicate in English" is defined as "the ability to speak, read and understand English." 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). "Illiteracy" is defined as the "inability to read or write." 20 C.F.R. § 404.1564(b)(1). Also, for the purposes of these regulations, only literacy in English is considered, since literacy in other languages has little effect on the number of jobs in the national economy available to the claimant. 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). "Illiterate" therefore means illiterate in English.

In the context of these definitions, the "or" is best read as conjunctive. It is reasonable, although somewhat ethnocentric, to assume that one who is unable to speak and understand English will also be unable to read and write English. *See Flecha*, 872 F.Supp. at 1317. Actually, as a matter of common knowledge, many educated individuals can read, if haltingly, English publications, while wholly unable to keep up a conversation in the language. However, the first requirement of Rule 201.23, "the inability to communicate in English," will have inevitable overlap with its second requirement, "illiteracy," because those who cannot speak or understand English will usually also be unable to read or write English. For the purpose of bureaucratic convenience in preparing tables and grids, it was reasonable for the rule makers to treat the "or" as covering both deficits.

Moreover, in this case the Secretary's interpretation is entitled to special deference. It was the SSA that originally characterized the number and types of jobs available to those of each vocational profile. The Secretary has stated that those analyzing jobs in the national economy and formulating Rule 201.23 assumed that illiteracy was subsumed under the inability to communicate in English.[2] Since the SSA originally analyzed job

---

**2.** The Acquiescence Ruling states, "Section 201.00(i) of Appendix 2 to Social Security Regu-

availability, it can best explain whether, in formulating Rule 201.23, it considered that the same numbers and kinds of jobs were available to those who could communicate in English or were literate, and those who could not communicate in English and were also illiterate.

We conclude that Acquiescence Ruling 86–3(5) is not plainly erroneous and does not conflict with statutory language. We therefore accept the Commissioner's interpretation of the regulations and hold that the "or" in Rule 201.23 does not create a right to disability in this case.

## REJECTION OF CHAVEZ'S PAIN TESTIMONY

■ Our review on the pain question is limited to the question whether the findings of the ALJ are supported by substantial evidence in the record as a whole and based upon correct legal standards. *Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir.1992). Substantial evidence is more than a scintilla but less than a preponderance. *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992). After carefully reviewing the record in this case, we hold that the substantial evidence standard has been met.

■ "Excess pain" is "pain at a level above that supported by medical findings." *Fair v. Bowen,* 885 F.2d 597, 601 (9th Cir. 1989). The standard for evaluating pain in Social Security disability cases is set forth in *Cotton v. Bowen,* 799 F.2d 1403, 1407–08 (9th Cir.1986). *See also Bunnell v. Sullivan,* 947 F.2d 341, 348 (9th Cir.1991) (reaffirming the *Cotton* standard). Once a claimant has presented objective evidence that he suffers from an impairment that could cause pain, he need not present medical evidence to support the severity of the pain. That is, the court may not as a matter of law discount the claimant's testimony about his pain solely because it is not corroborated by medical findings. *Id.* at 346.

■ The court may, however, evaluate the claimant's testimony in other ways. In *Bunnell,* we endorsed Social Security Ruling 88–13 which sets forth factors to be considered in determining the credibility of a claimant's allegations of disabling pain. *Id.* Testimony about excess pain properly may be refuted by evidence of claimant's behavior, such as his daily activities or search for medical attention. *Id.* The court may also reject the claimant's testimony if it does not find him credible.

In addition, the ALJ must make specific findings to justify his decision to reject allegations of excessive pain. *Fair,* 885 F.2d at 602. On review, however, we will defer to the trier of fact on credibility assessments. *Russell v. Bowen,* 856 F.2d 81, 83 (9th Cir. 1988).

Chavez provided medical evidence of a back injury, an impairment known to cause pain. The medical evidence itself, however, did not indicate that his pain was debilitating. Chavez testified that his pain was excessive, and that he therefore could not work.

The ALJ made specific findings to justify his decision not to find Chavez disabled. The ALJ noted that by his own testimony Chavez admitted that he currently performed some physical tasks, including English classes and light household work. Chavez said also that he had not sought further treatment. That evidence was sufficient for the ALJ to conclude that Chavez was not legally disabled.

AFFIRMED.

lations No. 4 indicates that while illiteracy or the inability to communicate in English may specifically limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than data or people) and in these work functions at the unskilled level, illiteracy or the ability to communicate in English has the least significance. The functional capability for a full range of sedentary work represents sufficient numbers of jobs to indicate substantial vocational scope for these individuals age 18 to 44 even if they are illiterate or unable to communicate in English. In formulating the grid rules, it was assumed that a person who is unable to communicate. in English would naturally be illiterate in English. Illiteracy is subsumed under inability to communicate in English." AR 86–3(5) at 2.