110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bonnie REIDSEMA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,* Defendant-Appellee.
 No. 96-15107.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1997.**
Decided March 20, 1997.
 
 Before: ALARCN, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Bonnie Reidsema appeals the district court's summary judgment affirming the Commissioner's denial of disability benefits under the Social Security Act, 42 U.S.C. §§ 1381 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review the grant of summary judgment de novo. Esselstron v. Chater, 67 F.3d 869, 872 (9th Cir.1995). We review the administrative law judge's (ALJ) factual findings for substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla but less than a preponderance." Chavez v. Dep't. of Health and Human Svcs., 103 F.3d 849, 853 (9th Cir.1996). Where the evidence is susceptible to more than one rational interpretation, we will defer to the ALJ's conclusions. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971).
 
 II
 
 4
 Reidsema contends that the district court improperly affirmed the ALJ's determination that she did not qualify for disability benefits. Reidsema argues that substantial evidence does not support the ALJ's conclusion that she is not disabled for the purposes of 42 U.S.C. § 1382(c)(3)(A). The Secretary has established a five-step evaluation process for determining whether a person is disabled within the meaning of the Act. 20 C.F.R. § 416.920(b)-(f). At step three, the ALJ concluded that Reidsema did not have a severe impairment or combination of impairments listed in, or medically equal to those listed in, Appendix I, Subpart P, Regulations No. 4, and that she therefore was not disabled.
 
 
 5
 The ALJ found that Reidsema suffered from a degenerative disc disease of the cervical spine but that she did not have an impairment that qualified her as disabled. In order to be qualified as disabled, the ALJ must find that the claimant suffered from a vertebrogenic disorder, such as spinal stenosis, persisting for at least three months despite therapy and expected to last twelve months. This condition must also include: (1) pain, muscle spasm and significant limitation of motion in the spine; and (2) appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. 20 C.F.R., Pt. 404, Subpart P, App. 1, § 1.05(C). The ALJ found that the evidence did not reveal significant limitation of motion in the spine nor the appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. Upon a careful review of the record, we conclude that substantial evidence supports this finding.
 
 
 6
 The ALJ found that Reidsema's impairments prevented her from doing past relevant work, 20 C.F.R. § 416.920(e), but that she was not prevented from performing light work, 20 C.F.R. § 416.920(f). Pursuant to the Medical-Vocational Guidelines, the ALJ determined from Reidsema's residual functional capacity that she could do other work. 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 2, Tbl. 2, Rules 202.20, 202.21, 202.22. After finding that Reidsema was not disabled but unable to continue her previous work, it was not error for the ALJ to rely on the Guidelines. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984).
 
 III
 
 7
 Reidsema contends that the ALJ improperly rejected her subjective complaints regarding pain and her assessment of her ability to work. We must determine whether the record as a whole reflects evidence that would allow a reasonable mind to accept the conclusions of the ALJ. Gallant v. Heckler, 753 F.2d at 1453. It is within the power of the ALJ to make credibility findings and to weigh conflicting evidence. Rhodes v. Schweiker, 660 F.2d 722, 724 (9th Cir.1981). We hold that substantial evidence supports the ALJ's conclusion that Reidsema's pain does not render her unable to work and that the ALJ did not arbitrarily discredit Reidsema's testimony. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995).
 
 IV
 
 8
 Reidsema also argues that the ALJ erred by rejecting her treating physician's evaluation and assessment of her functional limitations. The ALJ, however, gave clear and convincing reasons for rejecting Reidsema's treating physician's opinion. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) ("it is ... solely the province of the ALJ" to resolve conflicts between treating and nontreating physicians). The ALJ here rejected one medical assessment of Reidsema's capabilities because it was based upon her subjective evaluation of her limitations. The ALJ also refused to rely on the medical assessment because there was some indication that she had demonstrated "poor effort" on some of the tasks. The ALJ also found that the medical assessment contradicted Reidsema's reported daily activities. For these reasons, he declined to rely on the assessment. This refusal to credit evidence is within the discretion of the ALJ. Lester v. Chater, 81 F.3d 821, 831 (9th Cir.1995).
 
 
 9
 AFFIRMED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3