132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diane SUING, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-36094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.***
Filed Dec. 8, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon Donald C. Ashmanskas, Magistrate Judge, Presiding.
 
 
 2
 Before NOONAN and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Diane Suing appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g). Suing, who previously worked as a salesperson, cashier and secretary, alleged disability due to degenerative disc disease and numerous other ailments. We affirm.
 
 
 5
 A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The scope of appellate review is limited; the decision of the Commissioner must be affirmed if it supported by substantial evidence and the Commissioner applied proper legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Factual determinations by the Commissioner, acting thorough the administrative law judge, must be supported by substantial evidence. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 953 (1997).
 
 I.
 
 6
 Although the ALJ did not complete the required assessment form, the district court correctly found that the ALJ made the necessary findings to satisfy the requirements of 20 C.F.R. § 404.1545.
 
 II.
 
 7
 The record reveals that Suing's examining physicians were unable to identify the organic basis for many of Suing's symptoms. In addition, several treating physicians noted that Suing's complaints are likely related to depression rather than physical illness, and that Suing's physical condition could improve greatly if she engaged in an exercise program. Finally, the record shows a discrepancy between Suing's statements and her doctor's findings regarding her capacity.
 
 
 8
 We find that the record supports the ALJ's specific reasons for rejecting Suing's subjective pain testimony. Marci v. Chater, 93 F.3d 540, 544 (9th Cir.1996); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1996).
 
 III.
 
 9
 The ALJ offered several reasons in support of his rejection of Dr. Lewis' statement the Suing was disabled. Chief among those is that some of the conditions Dr. Lewis considered in making his determination are not supported by relevant medical documentation or discussed by any other physicians. In addition, although Dr. Lewis is not qualified to discuss Suing's mental impairments, he based his final findings in part on these impairments. Finally, the ALJ noted, Dr. Lewis' finding of disability is based, at least in part, on Suing's statements and not independent diagnostic data.
 
 
 10
 The ALJ may reject the opinion of a treating physician, if the ALJ provides clear and convincing reasons that are supported by the record as a whole. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Moreover, on review, we will defer to the credibility assessments made by the trier of fact. Chavez v. Department of Health and Human Servs., 103 F.3d 849, 853 (9th Cir.1996). Here, we find that the ALJ acted properly when he rejected Dr. Lewis' finding that Suing was disabled.
 
 IV.
 
 11
 Suing has not shown how her impairments meet or equal the listed impairment of an affective disorder under Appendix 1, section 12.04. See Roberts v. Shalala, 66 F.3d 179 (9th Cir.1995). Specifically, Suing does not meet the requirements of 12.04, part A, which requires "[m]edically documented persistence, either continuous or intermittent" of at least four separate listed problems.
 
 
 12
 At most, the record establishes that Suing persistently suffers from three of the listed problems (sleep disturbances, decreased energy and feelings of guilt or worthlessness). Moreover, Suing has not presented, nor does the record show, how her physical and emotional problems "equal" an affective disorder or any other listed impairment in Appendix 1.
 
 V.
 
 13
 The ALJ's hypothetical posed to the vocational expert was properly limited to those restrictions which the ALJ found supported by the record. Magallanes, 881 F.2d at 756-57.
 
 
 14
 Moreover, while the vocational expert's testimony does not comport with the Dictionary of Occupational Titles, the ALJ acted properly when he relied on the vocational expert's opinion of particular job characteristics in the local job market. Johnson, 60 F.3d at 1435.
 
 VI.
 
 15
 The ALJ properly considered and rejected the testimony of Suing's husband and other witnesses under 20 C.F.R. § 404.1513(e)(2). Although the ALJ did not give separate reasons for rejecting the testimony of each individual witness, his reasoning was "germane to each witness whose testimony he reject[ed]." Smolen, 80 F.3d at 1288. Specifically, the ALJ found that the individual witnesses' testimonies "have been clearly influenced by the claimant's subjective view point." In light of Dr. Crossen's 1993 mental status evaluation which shows that Suing has used her health problems as a means to gain support from her friends and family, the ALJ had a basis on which to reject each of these witnesses' testimony. In addition, we give great deference to credibility determinations made by the ALJ. Saelee, 94 F.3d at 522; Chavez, 103 F.3d at 853.
 
 VII.
 
 16
 The district court's affirmance of the Commissioner's denial of Suing's application for disability insurance benefits is AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed. R.App. P. 43(c)
 
 
 **
 * The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3