134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Annette HAMILTON, Plaintiff/Appellant,
v.
John J. CALLAHAN,* Acting Commissioner
Social Security Administration, Defendant/Appellee.
 No. 96-35995.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1997.***
Jan. 14, 1998.
 
 1
 Before SKOPIL and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Annette Hamilton appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for disability insurance benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. § 405(g). Hamilton, who previously worked as a retail manager and as a bank clerk, alleged disability due to degenerative disc disease, depression, anxiety disorder and numerous other ailments. We affirm.
 
 
 4
 A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. See Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The scope of appellate review is limited; the decision of the Commissioner must be affirmed if it is supported by substantial evidence and is free from legal error." See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). Factual determinations by the Commissioner, acting through the administrative law judge, must be supported by substantial evidence. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, --- U.S. ---, 117 S.Ct. 953 (1997).
 
 I.
 
 5
 The ALJ did not err in finding that Hamilton's mental impairments, as well as the combination of all her impairments, were not severe. The ALJ found that Hamilton's degenerative disc disease was severe, but that her other ailments were not. The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c) provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. The ALJ enumerated the reasons for his finding that Hamilton's anxiety disorder, peptic ulcer disease, and obesity were not severe. Although the ALJ did not address the fibromyalgia, gastrointestinal reflux, memory losses, concentration difficulties, or depression which were contained in the record, there was substantial evidence in the record as a whole to support the ALJ's conclusion that these impairments were not severe.
 
 II.
 
 6
 The ALJ provided specific reasons for rejecting Hamilton's subjective pain testimony, stating that the record showed that her subjective complaints were not consistent with the objective findings. The ALJ noted that Hamilton's doctor had not renewed her prescription for pain relieving medications and that she had an active lifestyle. Furthermore, the ALJ's holding was consistent with the statements of several of Hamilton's treating physicians. Thus, we find that the ALJ's decision to discount Hamilton's subjective pain was supported by clear and convincing reasons and substantial evidence in the record as a whole. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir.1996).
 
 III.
 
 7
 The ALJ offered several reasons in support of his rejection of the findings of Dr. Koga, one of Hamilton's treating physicians. The ALJ explained that he rejected Dr. Koga's finding that Hamilton was limited to lifting five pounds and could only work four hours a day because of "the volume of evidence showing a lack of muscle, sensory, and reflex abnormalities." The ALJ similarly pointed to evidence in the record which supported his decision to reject Dr. Koga's findings with respect to Hamilton's anxiety attacks.
 
 
 8
 The ALJ may reject the opinion of a treating physician if the ALJ provides clear and convincing reasons that are supported by the record as a whole. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Moreover, on review, we defer to the credibility assessments made by the trier of fact. See Chavez v. Department of Health and Human Servs., 103 F.3d 849, 853 (9th Cir.1996). We find that the ALJ acted properly when he rejected Dr. Koga's finding that Hamilton was disabled.
 
 IV.
 
 9
 Hamilton argues that the ALJ's finding that she is able to perform other work was erroneous because it was based upon the vocational expert's testimony in response to a hypothetical which did not include all of her impairments. The ALJ, however, was "not bound to accept as true" or to present to the vocational expert those restrictions or limitations not accepted by the ALJ. Magallanes, 881 F.2d at 756. The ALJ had the liberty to present only the restrictions which he found to be supported by substantial evidence. Thus, we conclude that the ALJ properly evaluated Hamilton's residual functional capacity and her ability to perform other work.
 
 V.
 
 10
 Based on the foregoing, we conclude that the district court correctly affirmed the Commissioner's denial of Hamilton's application for disability insurance benefits.
 
 
 11
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed. R.App. P. 43(c)
 
 
 **
 * The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3