**Darrell BAIER, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Defendant–Appellee.**

**No. 07–35680.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Jan. 22, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R. App. P. 34(a)(2).

Paul Bradford Eaglin, Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

Leisa Wolf, Esquire, SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: HUG, SKOPIL and HALL, Circuit Judges.

## MEMORANDUM **

Darrell Baier appeals the district court's decision affirming the denial of social security disability benefits. We affirm.

A claimant bears the burden of establishing disability by demonstrating an "ina-

bility to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir.2005) (quoting 42 U.S.C. § 423(d)(1)(A)). To determine whether the claimant has met that burden, an administrative law judge (ALJ) is required to evaluate the evidence using a five-step, sequential analysis. *Id.* (citing 20 C.F.R. § 404.1520).

An ALJ did so here, concluding at step one that Baier had not engaged in any substantial gainful activity during the relevant time period. At step two, the ALJ found that Baier's coronary artery disease is a severe impairment, but for purposes of step three, the impairment was not one that would automatically direct a finding of disability. At step four, after determining Baier's residual functional capacity for light work, the ALJ ruled that Baier was unable to perform any of his past relevant work. *Id.* Finally, at step five, the ALJ ruled that, given Baier's age, education, prior work experiences, and exertional capacity for light work, he "was not under a 'disability' as defined by the Social Security Act."

Baier does not expressly challenge the ALJ's assessment of the medical record. Rather, he contends "errors of law were committed in the application of the requisite five-step sequential evaluation process." Specifically, he argues the ALJ should have called a medical expert to testify regarding his impairments, his residual functional capacity, and the onset date of disability. He also argues the ALJ erred by not considering his non-exertional limitations. Finally, Baier argues the vocational evidence was inaccurate and the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ALJ failed to identify specific jobs available in the economy.

Baier's argument regarding the need to call a medical expert to testify was not made to the ALJ or presented to the district court. In such instances, we will not consider the argument for the first time on appeal. *See Massachi v. Astrue,* 486 F.3d 1149, 1154 & n. 23 (9th Cir.2007).

The record shows the ALJ performed the appropriate analysis of Baier's exertional and non-exertional limitations under Social Security Ruling (SSR) 83–14. Indeed, Baier's postural limitations on climbing, balancing, stooping, kneeling, crouching, and crawling were presented in hypotheticals to a vocational expert. The ALJ was not required, however, to rely on such vocational evidence. *See SSR 83–14,* 1983 WL 31254, at *4 (1983). Rather, the ALJ here properly looked to the Medical-Vocational Guidelines because Baier's non-exertional limitations were not "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." *See Hoopai v. Astrue,* 499 F.3d 1071, 1075 (9th Cir.2007) (internal quotations omitted); *see also* SSR 83–14, 1983 WL 31254, at *6 ("Where it is clear that the additional [non-exertional] limitation ... has very little effect on the exertional occupational basis, the conclusion directed by the [Guidelines] ... would not be affected."). As the district court noted, "the ALJ found that [Baier] retained sufficient non-exertional capabilities to perform the full range of light work."

Finally, Baier complains the vocational expert misidentified several jobs she believed Baier could perform and failed to testify whether the jobs were available in the economy. Even if these are errors, the ALJ did not rely on the vocational expert's opinion regarding identity or availability of jobs for Baier.

Rather, because the ALJ applied the Medical–Vocational Guidelines, the existence of occupations in the national economy is established by administrative notice. *See Chavez v. Department of Health and Human Servs.,* 103 F.3d 849, 851 (9th Cir.1996); *see also* SSR 83–14, 1983 WL 31254, at *6 (stating that the more specific information regarding job identity and availability is only required when a vocational resource was used to find the claimant not disabled).

**AFFIRMED.**