FLETCHER, B.,
concurring in part and dissenting in part:
I concur in the majority’s conclusion that the ALJ’s determination that McCaw-ley could “stand/walk no more than 2 hours” and “sit about 6 hours” in an 8-hour workday was not supported by substantial evidence, and that remand for clarification is warranted. I respectfully dissent, however, from the majority’s conclusion that the ALJ did not err in discounting certain portions of McCawley’s testimony regarding her pain.
An ALJ evaluating the credibility of a claimant’s testimony regarding subjective pain must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir.2009). “First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment ‘which could reasonably be expected to pi-oduce the pain or other symptoms alleged.’ ” Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir.2007) *691 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc)).
There is no dispute that McCawley received an operation to correct a bad break in her right leg, and that this operation involved the insertion of a metal plate and fourteen screws. Nor is there any dispute that McCawley’s treating physician advised that this hardware ought to be removed. McCawley testified that she has consistently suffered from a significant amount of pain and daily swelling since undergoing this operation. McCawley has presented objective medical evidence, therefore, of an underlying impairment that could reasonably be expected to produce the pain and other symptoms to which she testified.
Once a “claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant’s testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.” Lingenfelter, 504 F.3d at 1036 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996)). On this record, I must disagree with the majority’s conclusion that the ALJ gave “clear and convincing” reasons for discounting McCawley’s symptom testimony. Mem. Disp. at 3.
McCawley testified that she sensed that “my tendons and my muscles are catching” on the screws. She further testified that her pain limited her ability to complete normal day-to-day activities at home, such as cooking breakfast, cleaning, shopping, and driving. Although McCawley was prescribed a strong painkiller immediately following her surgery, her treating doctor retired and she has since been unable to refill this prescription. She does not have insurance, so she has made do by taking large doses of Tylenol; up to 1800 milligrams a day.[1] She also testified that she did not have the money to pursue physical therapy following the initial surgery and that she has not had the recommended follow-up operation to remove the hardware from her leg because she cannot afford that treatment given her current financial situation.
In light of McCawley’s financial situation, the fact that she has not sought or received additional treatment for severe pain should not be held to undermine her testimony. See Gamble v. Chater, 68 F.3d 319, 321-22 (9th Cir.1995) (“Disability benefits may not be denied because of the claimant’s failure to obtain treatment he cannot obtain for lack of funds.... It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.” (citation omitted)).[2] The majority errs in *692 reaching the contrary conclusion that the ALJ correctly “discounted [McCawley’s] excess pain testimony because she failed to complain to her treating physicians of extreme pain or seek treatment for such pain.”[3] This, in effect, punishes McCaw-ley for being too poor to seek treatment.
“Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant’s testimony as to subjective symptoms merely because they are unsupported by objective evidence.” Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995)). Instead, the ALJ must “provide specific, cogent reasons for the disbelief.” Id. (quoting Bru-ton v. Massanari, 268 F.3d 824, 828 (9th Cir.2001)). The record contains no “specific, cogent reasons” for the ALJ’s disbelief. Accordingly, I would hold that McCawley’s testimony was credible, and that her pain prevents her from regular gainful employment.

. There are 500 mg of the pain reliever acetaminophen in one extra-strength Tylenol capsule.

. The majority asserts that, "taken in context, the ALJ’s statement that ‘[i]t appeared that the claimant's allegations of disabling pain are overstated due to her wish to get benefits,' was not an improper consideration of McCawley’s ability to pay for treatment in assessing her credibility.” Mem. Disp. at 4. Gamble, the majority rightly notes, precludes ALJs from considering a claimant's inability to pay for treatment in making credibility determinations. The majority’s reference to “the context” of this case, however, neither clarifies nor justifies its determination that the ALJ did not run afoul of Gamble here. To the contrary: the context of the ALJ's remarks, in particular his inappropriate commentary regarding McCawley’s financial status, indicate that he disregarded Gamble’s admonitions. This outcome "directly contravenes the primary purpose of the Social Security Act: 'to give financial assistance to disabled persons because they are without the ability to sustain themselves.' ” Gamble, 68 F.3d at 322 (quoting Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1984)).

. Neither Chavez v. Dep't of Health & Human Servs., 103 F.3d 849 (9th Cir. 1996), nor Fair v. Bowen, 885 F.2d 597 (9th Cir. 1989), support the majority's contrary conclusion. Although Chavez held that claims of excess pain may be refuted by evidence of a claimant's behavior, such as the failure to seek further medical treatment, it does not hold that all claims of excess pain must be rejected under such circumstances. Rather, the ALJ is required to engage in a fact-intensive inquiry and examine the details of the case actually before him or her. Chavez is also factually distinguishable, since the claimant in that case presented medical evidence of a back injury, but did not present additional evidence of corrective surgery and testify to the pain resulting from that procedure.
Likewise, the majority’s reliance on Fair is misplaced. There, the claimant’s own treating physician testified before the ALJ that he had “not followed recommended exercise and physical therapy programs designed to reduce his weight and relieve his back pain.” 885 F.2d at 600. Moreover, the court was careful to hold that “unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment” was a legitimate basis for discrediting an allegation of disabling excess pain. Id. at 603 (emphases added). McCawley’s inability to afford further treatment is neither unexplained or inadequately explained on the record before us.