204 F.3d 1257 (9th Cir. 2000)
 ERNESTO SILVEIRA, PLAINTIFF-APPELLANT,
V.
KENNETH S. APFEL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1] DEFENDANT-APPELLEE.
EFRAIN VARGAS, PLAINTIFF-APPELLANT,
V.
KENNETH S. APFEL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, DEFENDANT-APPELLEE.
 No. 97-56186, No. 98-55225
 U.S. Court of Appeals, Ninth Circuit
 Argued and Submitted March 1, 1999
Decided March 02, 2000
 
 Lawrence D. Rohlfing, Santa Fe Springs, California, for the plaintiffs-appellants.
 David R. Mazzi, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for defendant-appellee (Silveira v. Apfel, Commissioner of Social Security Administration).
 D. J. Edelman, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for defendant-appellee (Vargas v. Apfel, Commissioner of Social Security Administration).
 Appeals from the United States District Court for the Central District of California Charles F. Eick, Magistrate Judge, Presiding. D.C. No. CV-96-08635-E; D.C. No. CV-97-01766-E.
 Before: James R. Browning, Charles Wiggins, and Susan P. Graber, Circuit Judges.
 
 Per Curiam
 
 1
 These cases raise a common legal question: whether, for the purpose of Social Security disability determinations, a skilled or semi-skilled work history that produced no transferable skills should be treated as equivalent to an unskilled work history. We conclude it should and reverse and remand for reconsideration.
 
 I.
 
 2
 Both Ernesto Silveira and Efrain Vargas challenge the Commissioner's findingsand conclusions at the fifth step of the disability evaluation process. See Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1996) (describing five-step sequential evaluation process); see also 20 C.F.R. SS 404.1520; 416.920 (same). After a claimant has established that a severe impairment prevents the claimant from performing his or her past work, at the fifth step "the burden shifts to the [Commissioner] to show that the claimant can perform other substantial gainful work that exists in the national economy." Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989); see also Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996). The Commissioner follows detailed medical-vocational guidelines in making this determination. See 20 C.F.R. pt. 404, subpt. P, app. 2; 20 C.F.R. S 416.969 (incorporating 20 C.F.R. pt. 404, subpt. P, app. 2 into SSI regulations); see also Heckler v. Campbell, 461 U.S. 458 (1983) (upholding validity of guidelines). These guidelines include tables of "grid rules" indicating the appropriate disability determinations for claimants with various combinations of residual functioning capacity, age, education, and past work history.
 
 
 3
 An Administrative Law Judge (ALJ) found that Ernesto Silveira has a residual functioning capacity to perform sedentary work, was 49 years old at the time of the hearing, has completed six years of education in Mexico and communicates mainly in Spanish, and has a semi-skilled and unskilled work history with no transferable skills. The ALJ determined that grid rule 201.18 applies, which directs the conclusion that Silveira is not disabled.[2] The Appeals Council granted Silveira's request for review. The Council determined that Rule 201.19 applies; however, this grid rule also indicates that Silveira is not disabled.[3] The district court upheld the Commissioner's denial of benefits. On appeal, Silveira argues that the Commissioner should have applied Rule 201.17, which requires a finding of disability, because he is illiterate in English and his semi-skilled work history with no transferable skills is equivalent to an unskilled work history.[4]
 
 
 4
 The ALJ found that Efrain Vargas has the residual functioning capacity to perform medium work, was 61 years old at the time of the hearing, has a marginal education, and has a semi-skilled work history. The ALJ concluded these criteria show that Vargas is not disabled, regardless of whether he has transferable skills. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 3, rules 203.04 and 203.05.[5] Vargas requested Appeals Council review, which was denied. The district court upheld the Commissioner's denial of benefits. On appeal to this court, Vargas argues[6] that the Commissioner should have applied Rule 203.01,[7] which requires a finding of disability, because he has no transferable skills and thus his work history is equivalent to an unskilled work history.[8]
 
 II.
 
 5
 The grid rules are ambiguous with regard to the treatment of skilled or semi-skilled work histories with no transferable skills. We hold that, as a matter of interpretation, in applying the grid rules the Commissioner must treat a skilled or semi-skilled work history with no transferable skills as equivalent to an unskilled work history.
 
 
 6
 The Commissioner has repeatedly announced a policy of treating these two work histories as equivalent and, in fact, treats them as equivalent in all but three instances.[9] The regulation explaining how the Commissioner evaluates claimants' work experience states:
 
 
 7
 If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work that you can now do. If you cannot use your skills in other skilled or semi-skilled work, we will consider your work background the same as unskilled. 20 C.F.R. SS 404.1565(a); 416.965(a) (emphasis added). Social Security Ruling 82-41 also clearly states the Commissioner's intent to treat an unskilled work history and a skilled or semi-skilled work history with no transferable skills as equivalent:
 
 
 8
 [A] person has no special advantage if he or she is skilled or semiskilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs. The table rules in Appendix 2 are consistent with the provisions regarding skills because the same conclusion is directed for individuals with an unskilled work background and for those with a skilled or semiskilled work background whose skills are not transferable.
 
 
 9
 Soc. Sec. Rul. 82-41 at P 2(a) (emphasis added). This court "defer[s] to Social Security Rulings... unless they are plainly erroneous or inconsistent with the Act or regulations." Chavez v. Department of Health and Human Servs., 103 F.3d 849, 851 (9th Cir. 1996).
 
 
 10
 The three sets of rules that provide for different outcomes based solely on the distinction between a skilled or semi-skilled work history with no transferable skills and an unskilled work history are among the few sets of rules with education categories that overlap but are not identical.The Commissioner may simply have overlooked the fact that these rules dictate different outcomes based solely on the work history distinction. This impression is strengthened by the fact that narrative regulations in the medical-vocational guidelines directly contradict the differing outcomes of Rules 201.17 and 201.19:[10]
 
 
 11
 [For individuals 45-49 years old] (1) who are restricted to sedentary work, (2) who are unskilled or have no transferable skills, (3) who have no relevant past work or who can no longer perform vocationally relevant past work, and (4) who are either illiterate or unable to communicate in the English language, a finding of disabled is warranted. 20 C.F.R. pt. 404, subpt. P, app. 2 S 201.00(h) (emphasis added).
 
 
 12
 The Commissioner proposes no method for resolving the conflict among these rules. We have no difficulty resolving the conflict in favor of the claimants. The regulations repeatedly state that, in disability determinations, claimants with a skilled or semi-skilled work history with no transferable skills will be treated the same as those with an unskilled work history. We conclude that the three sets of rules that deviate from this principle were adopted inadvertently. All grid rules are to be interpreted as treating a skilled or semiskilled work history with no transferable skills as equivalent to an unskilled work history.[11]
 
 III.
 
 13
 Silveira's disability status therefore turns on whether he is illiterate or unable to communicate in English.[12] Silveira is "illiterate or unable to communicate in English " if he is either illiterate in English or unable to communicate in English or both.[13] Silveira concedes on appeal that he can communicate in English, but claims that he is illiterate, which regulations define as "the inability to read or write," 20 C.F.R. S 416.964(b)(1), and which we have held refers to literacy in English, Chavez, 103 F.3d at 852. The Commissioner bears the burden of establishing that Silveira is literate.[14] The ALJ made no express findingthat Silveira was literate in English, and there is insufficient evidence in the record to determine whether or not he is literate in English.[15] Therefore, we remand Silveira's case for a finding as to this issue.
 
 
 14
 Vargas's disability status turns on whether he has transferable skills,[16] a finding that the ALJ expressly declined to make.[17] We remand Vargas's case to the ALJ for a finding as to whether Vargas has transferable skills.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 NOTES:
 
 
 [1]
 Kenneth S. Apfel, is substituted for his predecessor, as Commissioner of the Social Security Administration. Fed. R. App. P. 43(c)(2).
 
 
 [2]
 Rule 201.18 provides that a claimant who is limited to sedentary work, is 45-49 years old, has a limited education or less, but is at least literate and able to communicate in English, and has an unskilled work history is not disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.18.
 
 
 [3]
 Rule 201.19 provides that a claimant who is limited to sedentary work, is 45-49 years old, has a limited education or less, and has a skilled or semi-skilled work history with no transferable skills is not disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.19.
 
 
 [4]
 Rule 201.17 provides that a claimant who is limited to sedentary work, is 45-49 years old, is illiterate or unable to communicate in English, and has an unskilled work history is disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.17.
 
 
 [5]
 Rule 203.04 provides that a claimant who has a residual functioning capacity to perform medium work, is closely approaching retirement age (60-62 years old, see 20 C.F.R. pt. 404, subpt. P, app. 2, S 203.00(c)), has a limited education or less, and has a skilled or semi-skilled work history with no transferable skills is not disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 3, rule 203.04. Rule 203.05 requires a finding of no disability for claimants meeting these same criteria, but with transferable skills. See id. at rule 203.05.
 
 
 [6]
 Vargas also challenges two other findings by the ALJ, but we are unpersuaded by his arguments. We address those arguments in a separate memorandum disposition filed concurrently with this opinion.
 
 
 [7]
 Rule 203.01 provides that a claimant who has a residual functioning capacity to perform medium work, is 60-62 years old, has a marginal education, and has an unskilled work history is disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 3, rule 203.01.
 
 
 [8]
 Vargas raised this argument for the first time on appeal. We nevertheless consider the issue because it is a pure question of law and the Commissioner will not be unfairly prejudiced by Vargas's failure to raise the issue below. See United States v. Thornburg, 82 F.3d 886, 890 (9th Cir. 1996) (stating that, despite general rule that arguments may not be raised for the first time on appeal, "we will reach the question if it is purely one of law and the opposing party will suffer no prejudice because of failure to raise it" below). This is not a case in which the claimant rests her arguments on additional evidence presented for the first time on appeal, thus depriving the Commissioner of an opportunity to weigh and evaluate that evidence, which the "ALJ, rather than this Court,[is] in the optimal position" to do. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). This is a pure question of law, and the Commissioner had the opportunity to respond to the argument on appeal. Indeed, in an order issued in the Silveira case, we specifically alerted the Commissioner to this issue and asked him to be prepared to address it at oral argument.
 
 
 [9]
 These are the rules at issue in Silveira's case (Rules 201.17 and 201.19 -- the claimant is illiterate or unable to communicate in English), the rules at issue in Vargas's case (Rules 203.01 and 203.04 -- the claimant has only a marginal education), and a third set of rules analogous to the rules at issue in Silveira's case (Rules 202.09 and 202.11 -- the claimant is illiterate or unable to communicate in English).
 
 
 [10]
 Rule 201.17 dictates a disability finding for claimants who are limited to sedentary work, who are 45-49 years old, who are illiterate or unable to communicate in English, and who have an unskilled work history. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.17. Rule 201.19 dictates a finding of no disability for claimants who are limited to sedentary work, who are 45-49 years old, who have a limited education or less, and who have a skilled or semi-skilled work history with no transferable skills. See id. at rule 201.19.
 
 
 [11]
 Thus, Rule 201.17 applies to a claimant who is restricted to sedentary work, who is 45-49 years old, who is illiterate or unable to communicate in English, and who has a skilled or semi-skilled work history with no transferable skills or an unskilled work history; Rule 202.09 applies to a claimant who is restricted to light work, who is closely approaching advanced age, who is illiterate or unable to communicate in English, and who has a skilled or semi-skilled work history with no transferable skills or an unskilled work history; Rule 203.01 applies to a claimant who is restricted to medium work, who is closely approaching retirement age, who has a marginal education, and who has a skilled or semi-skilled work history with no transferable skills or an unskilled work history.
 
 
 [12]
 If he is illiterate or unable to communicate in English, he should be deemed disabled pursuant to Rule 201.17. If he is neither illiterate nor unable to communicate in English, he should be deemed not disabled pursuant to Rule 201.19.
 
 
 [13]
 The district court implied in its order that a finding that Silveira could communicate in English was sufficient to preclude application of Rule 201.17, but this is incorrect. The district court apparently misunderstood our use of the term "conjunctive" in Chavez. In Chavez, we defined " `disjunctive' to mean one alternative or the other, but not both," and " `conjunctive' to mean one alternative or the other, or both." Chavez, 103 F.3d at 850 n.1. Therefore, when we upheld the Commissioner's interpretation of the "or" in "illiterate or unable to communicate in English" as "conjunctive," id. at 852, we held that claimants meet that criterion if they are illiterate or unable to communicate in English or both.
 
 
 [14]
 The Commissioner has the burden to show that the claimant can perform other work existing in the national economy,"given his residual functional capacity, age, education, and work experience." Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1987). Because literacy, or education level, is relevant only to this latter inquiry and not to the existence of a disability, on which the claimant bears the burden of proof, it follows that the Commissioner bears the burden of establishing this factor.
 
 
 [15]
 Silveira and his son reported that Silveira reads regularly. Silveira did not state whether he reads in English or in Spanish; his son reported that he reads Spanish language books and newspapers. The forms in the record signed by Silveira were either filled out by others on his behalf, or appear to have been filled out by others; none of the forms filled out in English was clearly filled out by Silveira without assistance. The Commissioner notes that Silveira has a driver's license and that he shops, pays bills, and handles his bank account without assistance. These transactions, however, can be conducted orally or, particularly in Southern California, in Spanish. The Commissioner also notes that Silveira responded to all English language notices issued by the Administration, but Silveira apparently had ample assistance dealing with the paperwork related to his claim.
 
 
 [16]
 If Vargas has no transferable skills, he should be deemed disabled pursuant to Rule 203.01. If he has transferable skills, he should be deemed not disabled pursuant to Rule 203.04.
 
 
 [17]
 Vargas claims that the ALJ implicitly found that Vargas has no transferable skills because the ALJ applied Rule 203.04, which applies to claimants with a skilled or semi-skilled work history but with no transferable skills. However, the ALJ expressly stated that the issue of transferability of skills was immaterial because Vargas would be deemed not disabled under either Rule 203.04 or Rule 203.05. The ALJ's application of Rule 203.04, therefore, cannot reasonably be interpreted as an implicit finding that his skills are not transferable.