Stephen MORELL, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 99–36179.

D.C. No. CV–98–03061–JJ.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

Submitted March 6, 2001.*

Decided March 9, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Stephen Morell appeals the district court's decision remanding to the Social Security Administration his claim for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's decision to remand a disability benefits case to the Social Security Administration is reviewed for abuse of discretion. *Harman v. Apfel,* 211 F.3d 1172, 1173 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000).

Morell contends that the district court erred in remanding for a new hearing because the record establishes a disability and he does not have transferable skills. The basis of Morell's argument is the vocational expert's contradictory testimony regarding whether the position that Morell could perform (companion) is semiskilled or unskilled. The Dictionary of Occupational Titles ("DOT") classifies the position of companion as semi-skilled, although the vocational expert testified that the position is normally performed as unskilled.

Although the DOT raises a rebuttable presumption as to the classification of a job, the Commissioner "may take administrative notice of any reliable job information, including ... the services of a vocational expert." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995) (citation and

---

* The panel unanimously finds this case suitable for decision without oral argument. FED. R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

internal quotation marks omitted). If the testimony of the vocational expert contradicts the DOT, the ALJ may rely on that testimony, "but only insofar as the record contains persuasive evidence to support the deviation." *Id.*

Morell requested a remand for "proper evaluation of the evidence." Additionally, the district court remanded the case because of other issues—the inaccurate hypothetical posed to the vocational expert and the inability to determine transferable skills. This court has held that "[h]ypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant." *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). The district court determined that the hypothetical did not fully encompass Morell's restrictions and remanded on that basis. Further, the district court found that it was unclear whether Morell acquired any transferable skills in his past employment. Accordingly, the district court did not err in remanding for further proceedings. *See Silveira v. Apfel,* 204 F.3d 1257, 1262 (9th Cir.2000); *Chavez v. Bowen,* 844 F.2d 691, 694 (9th Cir.1988).

AFFIRMED.