**Haribu R. STEWARD, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

**No. 01–35154.**

**D.C. No. CV–99–03066–HA.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 5, 2002.

---

**152**

Before GOODWIN, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

We reverse the judgment of the district court and remand with instructions to remand to the Administrative Law Judge (ALJ) for an award of benefits.

The vocational expert (VE) testified that each of the three jobs was semi-skilled and had a Specific Vocational Preparation level of three (SVP–3). Under Social Security Administration (SSA) rulings and regulations, an applicant must possess transferable skills from previous work in order to perform SVP–3 jobs.[1] The ALJ found, however, that Steward had no transferable skills. Thus, Steward was not capable of performing the jobs as a matter of SSA regulations, even if persuasive evidence supported the VE's deviation from the skill levels in the Dictionary of Occupational Titles [DOT].[2]

The VE's subsequent testimony that Steward could in fact perform the jobs because they were entry-level and required no transferable skills was inconsistent with the regulatory definitions of "SVP–3" and "semi-skilled." The ALJ was not entitled to rely on this portion of the VE's testimony.[3] We disagree with the Commissioner's characterization of this issue as an evidentiary conflict between the VE and the DOT. The issue is a legal

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at \* 3 (Dec. 4, 2000) ("semi-skilled work corresponds to an SVP of 3–4''); SSR 83–10, 1983 WL 31251, at \*3 (1983) ("[residual functional capacity] alone never establishes the capability for . . . semiskilled work. Ability to perform . . . semiskilled work depends upon the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level.").

Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984) (inter-

nal quotation marks and citation omitted); *cf.* *Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir.2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations") (internal quotation marks and citation omitted; alteration and ellipses in original).

2. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.1995) ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation").

3. *See* SSR 00–4p, 2000 WL 1898704, at \*3 ("Although there may be a reason for classifying an occupation's skill level differently than in the DOT, the regulatory definitions of skill levels are controlling. For example, VE or VS evidence may not be relied upon to establish that unskilled work involves complex duties that take many months to learn, because that is inconsistent with the regulatory definition of unskilled work.").

conflict between the VE and the SSA over the definition of a regulatory term, and the VE's testimony cannot prevail.[4]

Because the VE's testimony was the only step-five evidence that Steward could do other work, the Commissioner failed to carry her step-five burden.[5] Accordingly, Steward is "disabled" and entitled to benefits.[6]

The Commissioner argues that we should remand for a determination as to whether there were yet other jobs Steward could perform. However, the record is fully developed and can only support a conclusion that Steward is disabled. Under such circumstances, a remand for further proceedings is unnecessary[7] and would only amount to an opportunity for the ALJ to make "specific findings"[8] to rescue a decision otherwise unsupported by substantial evidence. We therefore remand for an award of benefits.[9]

REVERSED AND REMANDED WITH INSTRUCTIONS TO REMAND TO THE ADMINISTRATIVE LAW JUDGE FOR AN AWARD OF BENEFITS.

---

4. *See id.*

5. *See Tackett v. Apfel,* 180 F.3d 1094, 1098–99 (9th Cir.1999) (describing the five-step sequential evaluation process).

6. *Id.* at 1099.

7. *See Holohan v. Massanari,* 246 F.3d 1195, 1210 (9th Cir.2001); *Reddick v. Chater,* 157 F.3d 715, 728 (9th Cir.1998); *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1996); *Varney v. Sec. of Health & Human Servs.,* 859 F.2d 1396, 1401 (9th Cir.1988).

8. *Reddick,* 157 F.3d at 728, 730; *Lester,* 81 F.3d at 834–35; *Varney,* 859 F.2d at 1401.

9. *See Holohan,* 246 F.3d at 1210; *Reddick,* 157 F.3d at 728, 730; *Lester,* 81 F.3d at 834–35; *Varney,* 859 F.2d at 1401.

