Jon CONLEY, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–55069.

D.C. No. CV–00–01089–AN.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 13, 2003.

Appeal from the United States District Court for the Central District of California, Arthur Nakazato, Magistrate, Presiding.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM **

John Conley ("Conley") appeals the district court's judgment in favor of the Commissioner of the Social Security Administration ("Commissioner").[1] Conley applied for Title II and Title XVI benefits, and the Comissioner denied his applications. The administrative law judge ("ALJ") affirmed the denial of benefits, and the Appeals Council and the district court affirmed this decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Conley did not argue before the district court that the ALJ erred by mechanically applying the Medical–Vocational Guidelines even though Conley was only 81 days short of turning 55. We decline to hear the issue on appeal because Conley failed to raise it before the district court, *see Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir.2002), and Conley has not shown that there are "exceptional circumstances" that should cause us to proceed despite such failure. *See Copeland v. Bowen*, 861 F.2d 536, 540 (9th Cir.1988). We do not consider this case to be one in which the issue "is a pure question of law and the Commissioner will not be unfairly prejudiced by [Conley's] failure to raise the issue below" such that we might exercise our discretion to hear it. *Silveira v. Apfel*, 204 F.3d 1257, 1260 n. 8 (9th Cir.2000). Accordingly, we affirm the district court's judgment.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We use the term "district court" although we acknowledge that this case was heard before a magistrate judge with the consent of the parties.