Leila TEVERBAUGH, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendants.

No.  02–71076.

United States District Court,
E.D. Michigan,
Southern Division.

March 31, 2003.

Lewis M. Seward, Seward, Tally, Bay City, MI, for Leila Teverbaugh, plaintiff.

Peter A. Caplan, United States Attorney's Office, Detroit, MI, for Commissioner of Social Security, defendant.

### OPINION REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

ROBERTS, District Judge.

## I. INTRODUCTION

This is a social security appeal. Plaintiff Leila Teverbaugh applied for disability insurance benefits and supplemental security income, alleging disability due to diabetic neuropathy. On February 22, 2001, an Administrative Law Judge (ALJ) denied Plaintiff's claim finding that she was not disabled, despite her impairments, because she could perform a significant number of limited sedentary jobs identified by the Vocational Expert (VE). Plaintiff appeals the ALJ's denial and requests a remand for a rehearing.

Plaintiff raises several arguments regarding the validity of the ALJ's ruling. Plaintiff primarily contends that the ALJ's determination that the record was devoid of evidence that she sought or required any significant treatment for her alleged uncontrolled diabetes, during the year 2000, is erroneous. Plaintiff cites to medical records evidencing treatment in March and July 2000. However, the Magistrate points out that these records were not submitted until after the ALJ rendered his decision.

Plaintiff, nevertheless, asserts that this evidence was not available to the ALJ due to his own failure to fully develop the record.

Plaintiff further argues that her testimony indicating that her diabetes was not controlled at the time of the hearing and that she was then treating with a physician, should have put the ALJ on notice that the record was incomplete and he should have required that her attorney obtain additional records. An ALJ may require that a record be more fully developed:

> [I]f the administrative law judge determines on or before the date of your hearing that the development of evidence is not complete, the administrative law judge may return the claim to the adjudication officer to complete the development of the evidence and for such other action as necessary.

C.F.R. § 404.943(b)(4). Under 20 C.F.R. § 404.944, an ALJ may also halt proceedings or reopen them to consider additional evidence:

> The administrative law judge may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing. The administrative law judge may also reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence.

In this case, the Magistrate asserts that it was reasonable for the ALJ to assume that Plaintiff, through her counsel, would have submitted additional medical documentation to substantiate her testimony if such records were available, especially since Plaintiff did submit an additional report after the hearing. Plaintiff points out that her new attorney made a written request that the record remain open until he could obtain the additional records. However, this request was not submitted until

May 31, 2001, three months *after* the ALJ's decision had been rendered.

The ALJ considered the medical report by Warren S. Tarnow, D.O. that was submitted by Plaintiff after the hearing. Dr. Tarnow examined Plaintiff five days after the hearing. The ALJ ultimately decided not to give the report significant weight, because it primarily noted Plaintiff's subjective complaints, lacked many objective findings and because there was no other evidence of recent treatment. The Magistrate asserts that the ALJ's finding was reasonable on the sparse record that was before him.

The Magistrate states that Plaintiff's claim that the ALJ erred in characterizing Dr. Tarnow's report as lacking objective findings, is without merit. The Magistrate points out that Dr. Tarnow's observations, which Plaintiff refers to as objective, are actually based on Plaintiff's subjective complaints:

> Physical examination of the left foot reveals a positive Tinel's sign over the Tarsal tunnel. She has significant and diffuse tenderness throughout the entire foot with palpation. This is aggravated by [the] straight leg raise maneuver .... She is insensate to Semmes–Weinstein 5.07 monofilament throughout the entire forefoot. She can barely sense the filament in the midfoot and proximally. She has pes planus deformity which is symmetric bilaterally.

Tr 262–63.[1] The Magistrate points out that although Dr. Tarnow's report suggests that Plaintiff's glucose levels were not well controlled, there is also nothing in his findings which would have allowed the ALJ to rule out the possibility that the findings reflect neurologic and other changes which may be solely attributable to Plaintiff's failure to property manage her diabetes prior to March 2000 (when she claims to have stopped using drugs and alcohol, which had caused her to be noncompliant).

Plaintiff's last argument is that the ALJ committed reversible error by failing to ask the VE whether there was a conflict between her testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff asserts that it is impossible to determine whether a conflict exists in any of the jobs identified with just the job title, because there may be multiple codes for each job listed. For instance, Plaintiff attaches a copy of the DOT to illustrate that the job "assembler" has over 100 listings. Pl Exh A. Plaintiff also contends that for the position of general office clerk, which was identified by the VE, there are only two listings. However, each has a strength listing of light, not sedentary (which is the type of job the ALJ determined the Plaintiff could perform). Moreover, Plaintiff asserts that the burden is on the Commissioner at step five to prove that available jobs are not in conflict. Arguing that the ALJ committed reversible error, Plaintiff cites *Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir.1990), where the court found that the Secretary's failure to follow its own binding rules, by determining that the claimant could perform light work despite clear evidence to the contrary, was an abuse of discretion.

## II. ANALYSIS

■ The Magistrate is correct in her finding that the ALJ did not have a height-

---

1. A Tinel's sign is a "sensation of tingling, or of 'pins and needles,' felt in the distal extremity of a limb when percussion is made over the site of an injured nerve." Stedman's Medical Dictionary (26th ed.1995). "Pes planus," also known as "flatfoot," refers to "a condition in which the longitudinal arch is broken down, [with] the entire sole touching the ground." *Id.* Diabetes is one of the "[c]ontributing factors increasing the risk of adult acquired flatfoot." www.podiatrynetwork.com.

ened obligation to further develop the record with regard to medical treatment that Plaintiff received after the date of her application. Plaintiff was represented by counsel and the burden was upon her to provide the ALJ with a complete record. *Landsaw v. Secretary of HHS*, 803 F.2d 211, 214 (6th Cir.1986)("The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant."). Therefore, a remand on this issue is not warranted.

■ The Magistrate is also correct in her finding that the ALJ did not err in declining to give great weight to the report of Dr. Tarnow, who opined that "[d]ue to the patient's chronic neuropathic pain, I think it will be difficulty [sic] for her to accomplish any type of vocation until things are under control." Tr 263, # 8. Here the ALJ offered a specific, reasonable explanation for his decision to discount Dr. Tarnow's report and his credibility determination that Plaintiff was attempting to magnify her symptoms; namely, the report contained very few objective findings; evidence was lacking of other recent treatment; and, the ALJ observed Plaintiff at the hearing, and she did not appear to be in significant pain. Dr. Tarnow's examination was also conducted five days after the hearing. An ALJ can discount the opinion of a consulting physician where it is based primarily on subjective complaints related by the claimant. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir.1992). The Court must also defer to the ALJ's credibility findings. *Williamson v. Secretary of HHS*, 796 F.2d 146, 150 (6th Cir.1986). Accordingly, remand on this issue is not warranted.

The final issue raised by Plaintiff, however, supports Plaintiff's request for a remand. It is undisputed that the ALJ failed to question the VE regarding whether the jobs she identified as being consistent with Plaintiff's residual functional capacity (RFC) conflicted with the DOT. The VE also failed to provide the codes for the positions that she listed, which would have enabled Plaintiff to consult the DOT to determine whether, in fact, a conflict exists.

Plaintiff has submitted evidence that she could not simply "figure out" which jobs the VE was referring to by simply looking up the job titles. Moreover, Plaintiff is correct in her assertion that, at step five, the burden is on the ALJ to prove that other work exists in significant numbers in the national economy that Plaintiff can perform. 20 C.F.R. §§ 404.1520(f). In order to meet that burden, the ALJ was required to ensure that there was no conflict between the VE's testimony and the DOT.

A recent social security ruling states that an ALJ is obligated to resolve any conflicts between a VE's testimony regarding jobs that a claimant can perform and the DOT's description of what is required to perform the jobs identified:

Resolving Conflicts in Occupational Information

Occupational evidence provided by a VE ... generally should be consistent with the occupational Information supplied by the DOT. When there is an apparent unresolved conflict between VE ... evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE ... evidence automatically

"trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE ... is reasonable and provides a basis for relying on the VE ... testimony rather than on the DOT information. Social Security Ruling 00–4p (December 4, 2000).

The ALJ, however, failed to ensure there was no conflict, and there is no apparent means of otherwise determining whether, in fact, the jobs identified are ones that Plaintiff can perform (because the VE failed to provide the job codes).

■ Because the VE's testimony was the only step five evidence that the ALJ relied upon, the Court cannot rule that there is substantial evidence to support the ALJ's findings. There are few decisions interpreting SSR 00–4p. However, those which have considered an ALJ's obligations under that ruling suggest that an ALJ's failure to carry its burden at this step is reversible error. See *Anschutz v. Barnhart,* 212 F.Supp.2d 1077, 1085–1086 (S.D.Iowa 2002)(Commissioner failed to meet burden of proving that jobs existed, where VE did not refer to the DOT and, therefore, did not identify specific jobs that could be performed.): *Steward v. Barnhart,* 44 Fed. Appx. 151 (9th Cir.2002)(unpublished)(Reversible error for ALJ to rely upon jobs listed by VE that required transferable skills, where the ALJ found that the claimant did not have transferable skills.); *Gallant v. Massanari,* 2001 WL 912406 (D.Me.2001)(Reversible error for ALJ to rely upon jobs erroneously listed by VE that were inconsistent with Plaintiff's RFC.).

## III. CONCLUSION

The Court DECLINES TO ADOPT that portion of the Magistrate's opinion regarding the ALJ's failure to carry his burden at step five; ADOPTS the balance of the Magistrate's opinion; GRANTS both Plaintiff and Defendant's motions in part; and, REMANDS this matter for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**