MEMORANDUM **
Debtor-Appellant Personal Electric Transports, Inc. and Appellants Anthony and Barbara Locricchio appeal the district court’s dismissal of Debtor’s appeal from a decision of the bankruptcy court as untimely. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
Appellants argue that the Official Unsecured Creditors’ Committee’s (“Committee”) March 5 motion for reconsideration extended Debtor’s deadline for filing a notice of appeal. See Fed. R. Bankr.P. 8002(b). Appellants contend that Debtor’s time to file a notice of appeal began to run on March 7, the entry date of the order disposing of the Committee’s motion. Contrary to Appellants’ argument, however, Fed. R. Bankr.P. 8002 is inapplicable. First, the Committee’s motion was untimely under Fed.R.Civ.P. 59 (made applicable by Fed. R. Bankr.P. 9023) as it was not filed within ten days of the bankruptcy court’s February 14 written orders (February 26). See Fed. R. Bankr.P. 8002(b)(2) (tolling the time for notice of appeal only if a party makes a “timely” motion for rehearing); see also Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir.1992). Second, although the Committee’s motion may have been timely under Fed.R.Civ.P. 60 (made applicable by Fed. R. Bankr.P. 9024), a Rule 9024 motion must be filed within ten days after entry of judgment to effectively toll the time for filing a notice of appeal. See Fed. R. Bankr.P. 8002(b)(4). Therefore, regardless of whether the Committee’s motion is viewed as a Rule 59 or Rule 60 motion, it could not have tolled Debtor’s time for filing a notice of appeal because it failed to comply with the requirements of Fed. R. Bankr.P. 8002.
Thus, Debtor had the usual ten days from the bankruptcy court’s March 5 orders in which to file its notice of appeal. See Fed. R. BankrJP. 8002(a). Because Debtor’s notice of appeal to the district court was filed more than ten days after the bankruptcy court’s March 5 orders, the district court properly dismissed Debtor’s appeal for lack of jurisdiction as untimely. See 28 U.S.C. § 158(c)(2); Fed. R. Bankr.P. 8002; see also Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) (“[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.”); In re Wiersma, 483 F.3d 933, 938 (9th Cir.2007).
Lastly, the district court correctly opined that Appellants had waived their “access to the coui'ts” argument for failing to raise it in their opposition to the Trustee’s motion to dismiss. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.2003) (noting that a motion for rehearing “may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the *53 litigation”). We do, however, have discretion to consider the issue, but we decline to do so because Appellants fail to set forth sufficient facts to support the legal claim. See Silveira v. Apfel, 204 F.3d 1257, 1260 n. 8 (9th Cir.2000) (exercising discretion to consider argument because “it [was] purely one of law and the opposing party [ ] suffered] no prejudice because of failure to raise it”) (internal quotations and citation omitted). The record indicates that Debtor, after the court clerk suggested consolidating its three appeals into one, never attempted to file any appeal that day. Therefore, Appellants fail to establish that but for the district court’s business hours, Debtor would have filed a timely appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.