**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KARAPET GASPARYAN, | No. 09-55189 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-03268-PJW |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted April 9, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[**] District
Judge.

Karapet Gasparyan appeals the district court's order affirming the

Commissioner's determination that he is not disabled.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederick J. Scullin, Jr., United States District Judge
for the Northern District of New York, sitting by designation.

28 U.S.C. § 1291 and reverse and remand to the ALJ for further development of the administrative record.

The ALJ afforded minimal weight to the opinions of Gasparyan's treating physicians, all of whom agreed that he has a major depressive disorder that precludes him from working. The ALJ's primary reason for doing so was the absence of reports for objective tests that the treating physicians specifically stated they had performed. In particular, the ALJ found that the reports for various objective tests, including a CT scan showing "mild cerebral and cerebellar atrophy," were missing from Dr. Janoian's treatment records. Also missing were the reports for two objective tests performed by Dr. Taubenfeld that indicated organic brain damage: the "Bender-Gestalt task" and the "WMS-R." Dr. Levin's report also contained an objective finding not evidenced in the record. She stated that Gasparyan had experienced three episodes of decompensation in a twelve month period, each lasting at least two weeks.

Gasparyan argues that the ALJ had a duty to contact his doctors to request the missing records. Although he did not present this argument to the district court, we have discretion to consider it because it is a legal issue that does not rest on evidence outside the administrative record and the Commissioner had an

opportunity to respond to the argument on appeal. *See Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000) (per curiam).

"Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ and Appeals Council discounted each of the treating physicians' opinions because the treatment records they supplied did not contain the specific test results or objective evidence cited in their reports. The ALJ therefore had a duty to conduct an appropriate inquiry into the existence of such records. *See Tonapetyan*, 242 F.3d at 1150 ("The ALJ may discharge [the duty to conduct an appropriate inquiry] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record."); *Smolen*, 80 F.3d at 1288 ("If the ALJ [thinks] he need[s] to know the basis of [certain physicians'] opinions in order to evaluate them, he [has] a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.").

The ALJ did not conduct an appropriate inquiry into the existence of the records he specifically identified as missing. Rather, he simply discredited the doctors' opinions. We must therefore remand for the ALJ to conduct an appropriate inquiry into the missing records. At oral argument, Petitioner's counsel expressed some doubt about the continuing availability of the records, given that the ALJ's decision was rendered nearly three years ago. What matters on remand is not whether the records are presently available, but whether they existed at the time of Gasparyan's original hearing, when the ALJ had a duty to conduct an appropriate inquiry, and whether or not they support the treating doctors' opinions.

The ALJ also erred in two additional ways. First, the ALJ's finding that Gasparyan's depression did not amount to a "severe" impairment at step two of the analysis is not supported by substantial evidence. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (holding that the severity requirement at step two "is a de minimis screening device used to dispose of groundless claims" (brackets and internal quotation marks omitted)). Second, the ALJ made factual errors, including the statements that Gasparyan had not sought mental health treatment since June 2006 and that the record contained only one back x-ray.

For those reasons, we REVERSE and REMAND for further development of the record by the ALJ and a new disability determination.