**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELVIN CLYDE HARSHAW,

               Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

               Defendant - Appellee.

No. 14-15510

D.C. No. 1:12-cv-01776-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted September 11, 2015[**]

Before:     LEAVY, GRABER, and OWENS, Circuit Judges.

Melvin Clyde Harshaw appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability insurance

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Harshaw contends that the administrative law judge ("ALJ") erred by failing to consider his pes planus, sciatica, post-traumatic stress disorder, and personality disorder when determining at step two whether his impairments were severe. Harshaw waived this issue by raising it for the first time before the district court. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). The existence of some evidence in the medical records regarding these conditions is not sufficient to have put the ALJ and the Appeals Council on notice that Harshaw claimed specifically that these conditions constituted severe impairments. The step two determination is a finding of fact and not a pure question of law for which the waiver rule may be excused. *See Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000) (per curiam).

In any event, the record fails to show that these conditions caused limitations beyond those already considered by the ALJ in the assessment of Harshaw's residual functional capacity and in the sequential analysis of Harshaw's claim.

**AFFIRMED.**