**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLENE MARIE SIMPSON, | No. 16-55964 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-01122-DTB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David T. Bristow, Magistrate Judge, Presiding

Submitted November 8, 2017[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and DANIEL,[***] District Judge.

Charlene Marie Simpson ("Simpson") appeals the judgment of the district

court affirming the denial of her application for disability insurance benefits and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Wiley Y. Daniel, United States District Judge for the U.S. District Court for Colorado, sitting by designation.

supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand to the Commissioner for further proceedings.

We review de novo the district court's order upholding the Commissioner's denial of benefits. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 1996). We may set aside the denial of benefits if it is not supported by substantial evidence or is based on legal error. *Id*.

1.     The Administrative Law Judge ("ALJ") erred in posing a hypothetical question to the vocational expert that did not precisely match Simpson's residual functional capacity ("RFC"). "Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of a particular claimant. . . ." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (emphasis in original). Where the hypothetical question does not reflect all of a claimant's limitations, the vocational expert's opinion has no evidentiary value and does not constitute substantial evidence to support the ALJ's findings. *Id*.

The RFC stated a restriction of "no high production quotas or rapid assembly line work." The hypothetical question did not prohibit this type of work but instructed the vocational expert to assume only "some difficulty at working with high production quotas or high assembly line work." As the hypothetical question did not accurately reflect the RFC, the vocational expert's opinion about

jobs in response to the hypothetical question does not constitute substantial evidence to support the ALJ's findings.

2.    The Commissioner acknowledges the error with the hypothetical question but argues that the error is harmless as she contends that there are jobs existing in significant numbers in the national economy that Simpson can still perform.  Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).

Here, the error was not inconsequential to the determination.  The ALJ did not inquire into whether the three jobs that the vocational expert testified to required rapid assembly work, and did not inquire into whether two of the three jobs required high production quotas.  The ALJ thus was not entitled to rely on the vocational expert's testimony that a person with Simpson's RFC and vocational characteristics could perform those jobs.

While the ALJ did inquire into production quotas as to the office helper job, the vocational expert testified that the job did not require high production quotas as long as the work was completed at the end of the day.  The ALJ did not determine whether the work could be performed at the end of the day for this job or whether there might be a carryover of work until the next day, and did not adequately

develop the record on this issue. The ALJ improperly "relied on her own speculation and the [vocational expert's] brief and indefinite testimony" rather than "persuasive evidence in the record." *Tommasetti*, 533 F.3d at 1042. The ALJ's decision at step five is thus not supported by substantial evidence, and the error is not harmless.

3.    The district court erred in finding that Simpson waived the ability to assert the error in the hypothetical question. The district court relied on *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), in finding a waiver. *Meanel* held that "appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court." *Id*. at 1115. Here, the alleged error with the hypothetical question did not become apparent until after the hearing when the ALJ issued her decision defining the RFC in a manner that conflicted with the hypothetical question. Moreover, in *Meanel*, "the claimant rest[ed] her arguments on additional *evidence* presented for the first time on appeal, thus depriving the Commissioner of an opportunity to weigh and evaluate that evidence. . . ." *Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000). That is not the situation here, and the Commissioner is not prejudiced by Simpson's failure to raise the issue below.

4.    The ALJ also erred in finding that Simpson could perform the mail clerk job based on this Court's decision in *Zavalin v. Colvin*, 778 F.3d 842 (9th

4

Cir. 2015). The Commissioner concedes this error. We held in *Zavalin* that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Id.* at 847. According to the Dictionary of Occupational Titles ("DOT"), the mail clerk job requires Level 3 Reasoning. Because the RFC found by the ALJ included a restriction to simple, repetitive tasks, the ALJ erred in not reconciling the conflict with the DOT.

5.     Finally, Simpson waived her argument that the ALJ erred as to the general inspector job by failing to take administrative notice of job numbers and vocational evidence in sources other than the DOT. She failed to present this issue to the ALJ or the Appeals Council. *Shaibi v. Berryhill*, 870 F.3d 874, 881–82 (9th Cir. 2017).

The district court's determination that Simpson waived her argument regarding the error with the hypothetical question and that the ALJ committed harmless error at step five is REVERSED. The case is REMANDED to the Commissioner for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**