**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIEU PHAM, DDS, MD, | No. 19-16541 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-04194-WHO |
| v. | |
| BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA, San Francisco School of Dentistry; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted May 12, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and MILLER, Circuit Judges.

Plaintiff Hieu Pham appeals a district court order granting summary

judgment for defendants on his First Amendment and California state law

retaliation claims. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review a grant of summary judgment de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Because the parties are familiar with the history of this case, we need not recount it here.

The parties agree that the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to Pham's claims under California Health & Safety Code § 1278.5 and California Labor Code § 1102.5.[1] There is no dispute that Pham established a prima facie case under *McDonnell-Douglas* based on the reduction of his part-time appointment from 50% to 40% full-time equivalent (FTE) after he made a protected complaint about a colleague. *See Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019). Nor do the parties dispute that Defendants articulated legitimate, nondiscriminatory reasons for the change: that Pham's duties had decreased such that a 50% FTE appointment was no longer appropriate, that budgetary constraints motivated "right-sizing" throughout the department, and that Pham's request for a raise–not

---

[1] We note that the California Supreme Court has recently accepted certification from this Court to determine whether the evidentiary standard in California Labor Code § 1102.6 displaces *McDonnell-Douglas* with respect to retaliation claims under § 1102.5. *See Lawson v. PPG Architectural Finishes, Inc.*, 982 F.3d 752 (9th Cir. 2020); Order Granting Certification, *Lawson v. PPG Architectural Finishes, Inc.*, No. S266001 (Cal. Feb. 10, 2021). Because we hold that summary judgment for Defendants was improper under *McDonnell Douglas*, and the evidentiary standard in § 1102.6 is less stringent, *see Lawson*, 982 F.3d at 759, the certified issue is not dispositive in this case.

his protected complaint about his colleague–prompted the review of his appointment. *See id.*

To survive summary judgment, Pham was therefore required to produce evidence that Defendants' "proffered nondiscriminatory reason is merely a pretext for [retaliation]." *Id.* Evidence of pretext includes "evidence, direct or circumstantial, 'that a [retaliatory] reason more likely motivated the employer' to make the challenged employment decision" or "evidence 'that the employer's proffered explanation is unworthy of credence.'" *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1091 (9th Cir. 2008) (quoting *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)). Circumstantial evidence of pretext, standing alone, precludes summary judgment for the defendant only if it is "specific" and "substantial"–which this Court "ha[s] equated . . . with evidence sufficient to raise a genuine issue of material fact under Rule 56(c)." *Cornwell*, 439 F.3d at 1029.

Considered cumulatively, and construing the facts in the light most favorable to Pham, there were sufficient genuine issues of material fact as to pretext to survive summary judgment. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194-95 (9th Cir. 2003). There was evidence in the record that Pham's appointment structure changed to his detriment after he complained, and that other employees of the department experienced negative treatment after complaining about fraud and mismanagement to their supervisor. In addition,

there was a temporal proximity between Pham's complaint and his appointment change that is within the range we have held to raise an inference of pretext. *See France v. Johnson*, 795 F.3d 1170, 1176-77 (9th Cir. 2015), *as amended on reh'g* (Oct. 14, 2015). Thus, viewed cumulatively in the light most favorable to Pham, there were sufficient issues of material fact to avoid summary judgment.

Similarly, summary judgment was improperly granted on Pham's 42 U.S.C. § 1983 First Amendment retaliation claim under the test articulated in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).[2] Pham offered sufficient evidence to survive summary judgment that his protected complaint was a "substantial or motivating" factor for–that is, a but-for cause of–the change to his appointment terms. *See Knickerbocker v. City of Stockton*, 81 F.3d 907, 911 (9th Cir. 1996).

---

[2] The district court applied *McDonnell Douglas* to Pham's First Amendment claim. Neither party contested the appropriateness of applying *McDonnell Douglas* in the district court. Pham contends–correctly, but for the first time on appeal–that it should have instead applied one of the First Amendment public employment retaliation tests articulated in *Pickering v. Board of Education*, 391 U.S. 563 (1968), and *Mt. Healthy*, 429 U.S. 274. We exercise our discretion to apply the correct standard. *See Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000).

We, of course, do not express any view as to whether the claims are ultimately meritorious, but the tendered evidence and inferences are sufficient to avoid summary judgment.[3] *See id.*

**REVERSED AND REMANDED.**

---

[3] We decline to reach Defendants' argument, raised for the first time on appeal, that the district court should have granted summary judgment on one of Pham's First Amendment claims on the ground that Pham provided no evidence of a municipal policy. *See El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000).